UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LISA CORSON, <br><br> Plaintiff, <br><br> v. <br><br> BROWN HARRIS STEVENS OF THE HAMPTONS, LLC, <br><br> Defendant. | CIVIL ACTION NO. |

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Lisa Corson ("Plaintiff"), by her undersigned attorneys, Duane Morris LLP, for her Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff Lisa Corson is an individual doing business as Lisa Corson Photography, with an office address at P.O. Box 1658, Ojai, California 93023.

3. Upon information and belief, defendant Brown Harris Stevens of The Hamptons, LLC ("Defendant") is a New York company with a principal place of business located at 770 Lexington Avenue, 5th Floor, New York, New York 10065.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District and has committed torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and in this district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. <u>Plaintiff's Business</u>

7. Plaintiff is a professional photographer in California and, through her business, creates and licenses photographic images for various uses. The Plaintiff is a successful editorial and commercial photographer who is well-known for her artistic design and modern style. Her clients include well-recognized national publications and notable art journals.

8. Among the many stylized and valuable photographs taken by the Plaintiff, Plaintiff is the original author of a stylized and popular architectural photograph, including an image of a swimming pool and bar area (the "Copyrighted Work"). Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work. Attached hereto as **Exhibit A** is a copy of the Copyrighted Work.

9. Plaintiff has obtained the following registration with the United States Copyright Office for the Copyrighted Work (along with other photographic images), identified as "March

2015 unpublished photos": VAu 1-206-511. Attached hereto as **Exhibit B** is a copy of the registration with the United States Copyright Office of the Copyrighted Work.

10. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

B. <u>Defendant's Unlawful Activities</u>

11. Upon information and belief, Defendant owns and operates the commercial website located at the URL https://bhshamptons.com, where it promotes and conducts its real estate business.

12. In May 2015, Plaintiff discovered instances in which Defendant was infringing Plaintiff's exclusive copyrights in the Copyrighted Work by reproducing, distributing, and publicly displaying the Copyrighted Work at websites located at the following URLs:

- https://bhshamptons.com/news/race-100-million-spec-house/
- https://d3fg3iznn1np6c.cloudfront.net/wp-content/uploads/2015/03/BN-HL363_0319SP_M_20150317140940-e1426874505794.jpg

13. Defendant's reproduction, distribution, and public display of the Copyrighted Work was without Plaintiff's permission. Copies of screenshots demonstrating Defendant's unauthorized reproductions, distributions and public displays ("Infringing Works") are attached hereto as **Exhibit C**.

C. <u>Defendant's Intentional Infringement</u>

14. On January 4, 2016, counsel for Plaintiff served a letter on Defendant identifying the Infringing Works and demanding that Defendant cease further unauthorized reproduction, distribution and public display of the Copyrighted Work. Plaintiff's counsel's letter further demanded Defendant compensate Plaintiff for its otherwise unauthorized use of her Copyrighted Work.

15. Counsel for Defendant responded to the January 4, 2016 letter, by representing that Defendant removed the Copyrighted Work from its website. Despite Defendant's knowledge that it had no permission to reproduce, distribute or publicly display the Copyrighted Work, Defendant refused to pay any compensation for its infringement of Plaintiff's copyrights in the Copyrighted Work.

16. Defendant's refusal to offer any compensation to Plaintiff for its unauthorized use of her Copyrighted Work indicates that its reproduction, distribution and public display of the Copyrighted Work was intentional, with the purpose and effect of capitalizing on Plaintiff's Copyrighted Work for its own benefit without seeking permission or paying any compensation whatsoever.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

17. Plaintiff realleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff jointly and exclusively owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

19. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Works.

20. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.*, by reproducing, distributing and publicly displaying the Infringing Works.

21. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of the Plaintiff.

22. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, and at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits in connection with its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

23. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

24. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenues earned by Defendant as a result of its reproduction and display of the Copyrighted Work, or any portion of the Copyrighted Work;

4. An award of such actual damages and profits under 17 U.S.C. § 504(b) as the jury or Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the jury or Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each Copyrighted Work infringed;

5. An award of such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

6. An award of Plaintiff's costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. An award of Plaintiff's interest, including pre-judgment interest, on the foregoing sums;

8. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
January 25, 2016

                                        Respectfully submitted,

                                        **DUANE MORRIS LLP**

                                        By: _____
                                        Kevin P. Potere
                                        1540 Broadway
                                        New York, NY 10036-4086
                                        Telephone: +1 212 692 1000
                                        Fax: +1 212 692 1020
                                        Email: kppotere@duanemorris.com

**Of Counsel:**
Steven M. Cowley, Esq.
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: +1 857 488 4200
Fax: +1 857 488 4201
Email: smcowley@duanemorris.com

                                        *Attorneys for Plaintiff Lisa Corson*