UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

| | | |
|---|---|---|
| LISA CORSON, | : | |
| | : | Civil Action No.: 1:16-CV-00545(AKH) |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| BROWN HARRIS STEVEN OF THE HAMPTONS, LLC, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF LISA CORSON'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**


Dated:   New York, New York
         February 3, 2017

**DUANE MORRIS LLP**
Kevin P. Potere
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Steven M. Cowley (*Pro Hac Vice*)
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4200 (tel)
(857) 488-4201 (fax)

*Attorneys for Plaintiff Lisa Corson*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...........................2

ARGUMENT ..............................................................................................................5

I.   THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF IS ENTITLED
     TO SUMMARY JUDGMENT IN HER FAVOR ON THE ISSUE OF WILLFUL
     COPYRIGHT INFRINGEMENT..........................................................................5

     A.   Plaintiff Satisfies the Standard for Granting Summary Judgment..........................5

     B.   Defendant Concedes, and the Record Establishes, that Defendant Infringed
          Plaintiff's Valid Copyright ........................................................................6

          1.   Defendant Reproduced the Copyrighted Work in Violation of
               17 U.S.C. § 106(1) ..........................................................................7

          2.   Defendant Distributed the Copyrighted Work in 17 U.S.C.
               § 106(3)..........................................................................................8

          3.   Defendant Displayed the Copyrighted Work in 17 U.S.C. § 106(5)..........9

     C.   Defendants' Infringement Was Willful, Entitling Plaintiff to Enhanced
          Statutory Damages ..................................................................................10

          1.   Defendant had Knowledge of the Infringement.......................................11

          2.   Defendant Recklessly Disregarded the Possibility of Copyright
               Infringement..................................................................................13

          3.   Defendant was Willfully Blind to the Possibility of Copyright
               Infringement..................................................................................16

CONCLUSION..........................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*In re Aimster Copyright Litigation*,
    334 F.3d 643 (7th Cir. 2003) .................................................................................16

*Anderson v. Liberty Lobby, Inc.*,
    477 U .S. 242, 106 S.Ct. 2505 (1986).....................................................................5

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)....................................................................................7

*Beastie Boys v. Monster Energy Co.*,
    112 F. Supp. 3d 31 (S.D.N.Y. 2015).....................................................................14

*Bryant v. Europadisk, Ltd.*,
    91 USPQ2d 1825 (S.D.N.Y. Apr. 15, 2009), *aff'd*, 603 F.3d 135
    (2d Cir. 2010), *cert. denied*, 562 U.S. 1064, 131 S.Ct. 656 (2010) ........................15

*BWP Media USA Inc. v. Uropa Media, Inc.*,
    No. 13-cv-7871 (JSR) (JCF), 2014 WL 2011775 (S.D.N.Y. May 16, 2014)...........9

*Castle Rock Entertainment v. Carol Pub. Group, Inc.*,
    955 F. Supp. 260 (S.D.N.Y. 1997), *aff'd sub nom. Castle Rock Entertainment,
    Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132 (2d Cir. 1998) .................................15

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S.Ct. 2548 (1986).......................................................................5

*Connolly v. Calvanese*,
    515 F. App'x 62 (2d Cir. 2013) ................................................................................5

*Feist Publ'g, Inc. v. Rural Tel. Ser. Co.*,
    499 U.S. 340, 111 S.Ct. 1282 (1991).......................................................................7

*Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*,
    507 F. App'x 26 (2d Cir. 2013) ..............................................................................10

*Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*,
    807 F.2d 1110 (2d Cir. 1986)............................................................................10, 17

*Forest Park Pictures v. Universal Television Network, Inc.*,
    683 F.3d 424 (2d Cir. 2012).....................................................................................7

*Hanwha Corp. v. Cedar Petrochemicals, Inc.*,
   760 F. Supp. 2d 426 (S.D.N.Y. 2011) (Hellerstein, J.)........................................5

*HarperCollins Pub. LLC v. Open Rd. Integrated Media, LLP*,
   58 F. Supp. 3d 380 (S.D.N.Y. 2014)................................................10, 16

*Humphreys v. Cablevision Sys. Corp.*,
   553 F. App'x 13 (2d Cir. 2014) ......................................................5

*Island Software and Computer Serv., Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2d Cir. 2005)....................................................8, 16

*Jeffreys v. City of N.Y.*,
   426 F.3d 549 (2d Cir. 2005)........................................................5

*Knitwaves, Inc. v. Lollytags Ltd. (Inc.)*,
   71 F.3d 996 (2d Cir. 1995).........................................................13

*L.A. Printex Indus., Inc. v. Does 1-10*,
   543 Fed. App'x. 110 (2d Cir. 2013)...............................................10

*Lang v. Ret. Living Publ'g Co.*,
   949 F.2d 576 (2d Cir. 1991)........................................................5

*Lipton v. Nature Co.*,
   71 F.3d 464 (2d Cir. 1995).........................................................10

*London-Sire Records, Inc. v. Doe 1*,
   542 F. Supp. 2d 153 (D. Mass 2008) ...............................................8

*Marshall v. Marshall*,
   504 F. App'x. 20 (2d Cir. 2012) ....................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574, 106 S.Ct. 1348 (1986)...............................................6

*Matthew Bender & Co. v. West Publ'g Co.*,
   158 F.3d 693 (2d Cir. 1998), *cert. denied*, 526 U.S. 1154, 119 S.Ct. 2039
   (1999)..............................................................................8

*MyPlayCity, Inc. v. Conduit Ltd.*,
   2012 Copr L Dec P 30235 (S.D.N.Y Mar. 30, 2012), *adhered to on
   reconsideration*, No. 10-cv-1615(CM), 2012 WL 2929392 (S.D.N.Y. July 18,
   2012) ..............................................................................8

*N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*,
    968 F.2d 250 (2d Cir. 1992)........................................................................................10

*N.Y. Times Co. v. Tasini*,
    533 U.S. 483, 121 S.Ct. 2381 (2001)............................................................................8

*New York State Soc. of Certified Pub. Accountants v. Eric Louis Assocs., Inc.*,
    79 F. Supp. 2d 331 (S.D.N.Y. 1999)...........................................................................14

*Peer Intern. Corp. v. Pausa Records, Inc.*,
    909 F.2d 1332 (9th Cir. 1990) ....................................................................................13

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ......................................................................................9

*Perfect 10 v. Google, Inc.*,
    416 F. Supp. 2d 828 (C.D.Cal. 2006) ...........................................................................8

*Twin Peaks Productions, Inc. v. Publications Intern., Ltd.*,
    996 F.2d 1366 (2d Cir. 1993).................................................................. 10-11, 13, 15

*Viacom Intern. Inc. v. Fanzine Intern., Inc.*,
    2001 Copr. L. Dec. P. 28297 (S.D.N.Y. Aug. 16, 2001).............................................15

*Weinstock v. Columbia Univ.*,
    224 F.3d 33 (2d Cir. 2000), *cert. denied*, 540 U.S. 811, 124 S.Ct. 53 (2003).........................6

*Wolfson v. Bruno*,
    844 F. Supp. 2d 348 (S.D.N.Y. 2011)..........................................................................6

*Yurman Design, Inc. v. PAJ, Inc.*,
    262 F.3d 101 (2d Cir. 2001)........................................................................................13

## Statutes

17 U.S.C. § 101 ..................................................................................................................8-9

17 U.S.C. § 106 ................................................................................................................7, 11

17 U.S.C. § 106(1) ............................................................................................................7-9

17 U.S.C. § 106(3) ............................................................................................................8-9

17 U.S.C. § 106(5) ...............................................................................................................9

17 U.S.C. § 410(c) ...............................................................................................................7

DM2\7490765.3

17 U.S.C. § 412 ............................................................................................................7

17 U.S.C. § 501 .........................................................................................................5, 6

17 U.S.C. § 504(c)(1) .................................................................................................10

17 U.S.C. § 504(c)(2) .............................................................................................7, 10

**Other Authorities**

3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 14.04[B], at 14–40.3
(1989)), *cert. denied*, 498 U.S. 1109, 11 S.Ct. 1019 (1991) ...................................13

FED. R. CIV. P. 30(b)(6) ......................................................................................1, 4, 11

FED. R. CIV. P. 56 ........................................................................................................5

FED. R. CIV. P. 56(a) ................................................................................................1, 5

FED. R. CIV. P. 56(c) ....................................................................................................6

DM2\7490765.3

Plaintiff Lisa Corson ("Plaintiff" or "Ms. Corson") respectfully submits this memorandum of law in support of her motion pursuant to Fed. R. Civ. P. 56(a) for an order granting partial summary judgment as to Defendant Brown Harris Stevens of the Hamptons, LLC's ("Defendant" or "BHSH") liability for willful infringement of Plaintiff's copyrighted work.

## PRELIMINARY STATEMENT

Defendant concedes, as it must, that it infringed on Plaintiff's copyrighted photograph by copying the photograph without permission and incorporating it into a post displayed on Defendant's website.  Beyond that acknowledged infringement, the undisputed of record establish that Defendant's infringement was willful, because it was committed in reckless disregard and willful blindness of Plaintiff's exclusive copyrights, at a minimum.  Accordingly, Plaintiff is entitled to enhanced statutory damages.

Defendant's employee and Rule 30(b)(6) designee, Eric Davidowicz, readily admits that he copied a Wall Street Journal article concerning a luxury spec house project in Beverly Hills, California (the "WSJ Article"), and separately copied and uploaded Plaintiff's photograph of that property to the Defendant's website.  Even though the Wall Street Journal's copy of Plaintiff's photograph identified her as the photographer, Defendant acknowledges doing nothing whatsoever to look into the copyright owner's rights in the photo, or to seek anyone's permission to copy and use the photo.  Mr. Davidowicz claims he believes Defendant can copy someone else's copyrighted works so long as they credit the source of the work, but the undisputed records establishes that Defendant failed to satisfy even that inaccurate theory of Defendant's obligations, because Defendant omitted the posted credit of the Plaintiff as photographer and, instead, simply uploaded her copyrighted photo to Defendant's website with no credit at all.

Defendant's willfulness is established by Mr. Davidowicz's failure to undertake any effort of any kind to educate himself about the copyright laws,  even to inquire of in-house counsel whether his practice of copying works found on the internet and uploading them to Defendant's website complied with those laws.  Moreover, the infringing post at issue in this case was not an isolated incident.  Mr. Davidowicz uploaded more than 90 posts over a two-and-a-half year period, not once giving credit to the author of a photographer or creator of any accompanying a post.  For the Defendant - a sophisticated and successful business - to consistently act in complete disregard for the copyrights of the creators of works Defendant used in the promotion of its own business over such an extended period of time, the infringement at issue in this case was the result of a business choice, not an accident.

The applicable precedent makes clear that the reckless disregard of the copyrights of others and willful blindness to the infringing nature of repeated, prolonged unauthorized copying constitutes willfulness as a matter of law,  justifying enhanced statutory damages under the Copyright Act.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2015, Ms. Corson obtained access to a house construction project in Beverly Hills, California, where she created a series of photographs highlighting interesting architectural aspects of the project, including a photo of a swimming pool and bar area (the "Copyrighted Work").  Statement of Material Facts in Support of Motion for Summary Judgment, dated February 3, 2017 ("**_SOF_**") ¶ 1.

On March 18, 2015, Plaintiff applied for registration of the Copyrighted Work with the United States Copyright Office, receiving the applied for registration of Certificate of Registration bearing registration number VAu 1-206-511 effective that day.  SOF ¶ 2.

2

Plaintiff created the Copyrighted Work and related photos of the Beverly Hills Project at the request of the Wall Street Journal ("WSJ"), who published an article on March 20, 2015, entitled, "The Race to the $100 Million Spec House" (the "WSJ Article").  SOF ¶¶ 3-4.  The WSJ displayed the Copyrighted Work in connection with the WSJ Article, pursuant to a licensing agreement with Plaintiff whereby the WSJ had a limited term exclusive license to use the photo, then ongoing non-exclusive right to display the photo, while Plaintiff retained full ownership of the copyrights in her Copyrighted Work.  SOF ¶ 3.

Erik Davidowicz is the Director of Advertising at BHSH and is responsible for maintaining a section of BHSH's website called "The Talk of the Town", which is accessible to the public via the Internet.  SOF ¶ 7.  BHSH is a wholly owned subsidiary of Terra Holdings, which has a Computer Use policy requiring: "[i]n their use of Computer Resources, Users must comply with all software licenses, copyrights, and all other state, federal, and international laws governing intellectual property and online activities."  SOF ¶¶ 8.

BHSH also has Social Media Guidelines, which state: "Don't violate fair housing, copyright, fair use and financial disclosure laws, or the firm's privacy, confidentiality, and legal guidelines."  SOF ¶ 9.

The Wall Street Journal published a print version of the WSJ Article, along with a number of photographs of the project, some taken by the Plaintiff, including the Copyrighted Work.  SOF ¶ 4.  The WSJ website displayed a copy of the WSJ Article online, also accompanied by a number of photos, including the Copyrighted Work.  SOF ¶ 5.  The WSJ online display included the Copyrighted Work in a slideshow of nineteen.  *Id*.  In both the print and online versions of the WSJ Article, for the Wall Street Journal's display of the Copyrighted Work expressly credited the Plaintiff.  SOF ¶ 6.

On March 20, 2015, Mr. Davidowicz copied and pasted the text of the WSJ Article into WordPress, the software program utilized by Defendant to create posts for The Talk of the Town section of its website.  SOF ¶ 10.  Mr. Davidowicz then separately saved a copy of the Copyrighted Work onto his hard drive at BHSH.  *Id*.  Mr. Davidowicz then uploaded the Copyrighted Work from his hard drive into WordPress to display along with the text of the WSJ Article.  *Id*.  Mr. Davidowicz next published the new post he created in WordPress (the "Infringing Post") onto The Talk of the Town, where it was displayed to the public.  *Id*.  The Copyrighted Photo was one of more than nineteen photographs accompanying the online version in the WSJ Article (along with a video), but it was the only photograph that Mr. Davidowicz selected for copying and use in the Infringing Post.  *Id*.

The Wall Street Journal expressly identified Ms. Corson as photographer when it displayed her Copyrighted Work in connection with both the print and online versions of the WSJ Article.  SOF ¶ 12.  Mr. Davidowicz did not copy that credit, instead he omitted any reference to Ms. Corson in the Infringing Post on Defendant's website.  *Id*.

Mr. Davidowicz never sought permission from either the WSJ or Plaintiff to reproduce, distribute, or display the Copyrighted Work.  SOF ¶ 15.  Nor did Mr. Davidowicz review the WSJ licensing policy.  SOF ¶ 16.

When the Infringing Post was discovered, counsel for Plaintiff contacted defendant and demanderd that the infringement be remedied.  In response in-house counsel for Defendant's parent company responded, stating that the Copyrighted Work "only appeared briefly, in March or April of 2015" on Defendant's website.  SOF ¶ 22.  In fact, Defendant's Rule 30(b)(6) designee later admitted that Plaintiff's Copyrighted Work was not removed from the Defendant's website until January 5, 2016.  SOF ¶ 23.  Additionally, Defendant's in-house counsel refused to

respond when Plaintiff's counsel inquired whether Defendant was willing to compensate for its unauthorized use of Plaintiff's Copyrighted Work without requiring her to commence litigation. SOF ¶ 23.

As a result, on January 25, 2016, Plaintiff was forced to file her Complaint for willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.* (ECF No. 1). On April 1, 2016, BHSH filed the Answer. (ECF No. 9). On January 24, 2017, in response to the Court's instruction,, counsel for BHSH, informed Plaintiff's counsel that BHSH does not contest liability for infringement of the Copyrighted Work. SOF ¶ 24.

## **ARGUMENT**

**I.    THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT IN HER FAVOR ON THE ISSUE OF WILLFUL COPYRIGHT INFRINGEMENT**

### **A.    Plaintiff Satisfies the Standard for Granting Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U .S. 242, 247, 106 S.Ct. 2505, 2509-10 (1986); *Humphreys v. Cablevision Sys. Corp.,* 553 F. App'x 13, 14 (2d Cir. 2014); *Connolly v. Calvanese,* 515 F. App'x 62, 62 (2d Cir. 2013); *Lang v. Ret. Living Publ'g Co.,* 949 F.2d 576, 580 (2d Cir. 1991).

In order to defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and they may not rely on conclusory allegations or unsubstantiated speculation." *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011) (Hellerstein, J.) (quoting *Jeffreys v. City of N.Y.,* 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation omitted) (alteration

5

in original)).  "Instead, the non-moving party must 'cit[e] to particular parts of materials in the record' to show that 'a fact . . . is generally disputed.'" *Wolfson v. Bruno*, 844 F. Supp. 2d 348, 353 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 56(c)); *see, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (At summary judgment, "[t]he time has come ... 'to put up or shut up.'" (citations omitted)), *cert. denied*, 540 U.S. 811, 124 S.Ct. 53 (2003).

"While 'disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted.'" *Wolfson*, 844 F. Supp. 2d at 354 (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510)).

As set forth below, the undisputed facts in the record establish, at a minimum, that Defendant recklessly disregarded and was willfully blind toward Plaintiff's exclusive copyrights in her Copyrighted Work.  Accordingly, Plaintiff is entitled to partial summary judgment finding Defendant liable for willful copyright infringement, and limiting trial to the amount of damages and attorneys fees to be awarded, and the scope of the injunction to be issued.

### B.   Defendant Concedes, and the Record Establishes, that Defendant Infringed Plaintiff's Valid Copyright

Defendant concedes that it infringed Plaintiff's Copyrighted Work.  SOF ¶ 24. Defendant has not conceded willfulness, which necessitates this motion.  Given Defendant's concession, Plaintiff here discusses only briefly the background copyrights that were infringed by Defendant's Infringing Post, in order to put Plaintiff's willfulness arguments in context.

Section 501 of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright . . . ." 17 U.S.C. § 501. "To establish infringement of copyright, 'two elements must be proven: (1) ownership of a

valid copyright, and (2) copying of constituent elements of the work that are original.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publ'g, Inc. v. Rural Tel. Ser. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282 (1991)); *see also Marshall v. Marshall*, 504 F. App'x. 20, 22 (2d Cir. 2012).

As to the *first* element of infringement regarding Plaintiff owning a valid copyright, a certificate of copyright registration made before first publication of the work is prima facie evidence of the validity of the copyright.  17 U.S.C. § 410(c).  Here, Plaintiff has demonstrated her ownership of a copyright registration covering the Copyrighted Work effective as of March 18, 2015, two days prior to publication of the Copyrighted Work in the WSJ.  SOF ¶ 2. Accordingly, Plaintiff is entitled to pursue statutory damages under the Copyright Act, including enhanced statutory damages for willful infringement.  17 U.S.C. §§ 412 and 504(c)(2).

With respect to the *second* element of infringement regarding Defendant copying Plaintiff's copyrighted material, "[t]he word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights described in [17 U.S.C.] § 106."  *Arista Records, LLC,* 604 F.3d at 117 (internal quotation marks and citation omitted).  Section 106 of the Act gives copyright owners the "exclusive rights  . . . to reproduce a copyrighted work, . . . to distribute copies of the work to the public, and to display the work publicly." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir. 2012).  Here, Defendant's  acknowledged infringement violated three of Plaintiff's exclusive rights in the Copyrighted Work.

### 1.    *Defendant Reproduced the Copyrighted Work in Violation of 17 U.S.C. § 106(1)*

Section 106(1) of the Copyright Act states that the "owner of copyright under this title has the exclusive rights" to "reproduce the copyrighted work in copies." 17 U.S.C. § 106(1).

Section 101 of the Copyright Act defines "copies" as "material objects" in which a work "is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or a device." 17 U.S.C. § 101.  The term 'copies' includes saving a copyrighted work to a hard drive or computer network.  *See Matthew Bender & Co. v. West Publ'g Co.,* 158 F.3d 693, 703 (2d Cir. 1998), *cert. denied*, 526 U.S. 1154, 119 S.Ct. 2039 (1999) (definition of 'copies' intended to ensure "that reproductions of copyrighted works contained on media such as floppy disks, hard drives, and magnetic tapes would meet the Copyright Act's 'fixation' requirement"); *see also N.Y. Times Co. v. Tasini,* 533 U.S. 483, 498, 121 S.Ct. 2381, 2390 (2001) ("LEXIS/NEXIS' central discs and UMI's CD-ROMs 'reproduce ... copies'" under Section 106(1)) (alteration in original).

Here, the undisputed evidence demonstrates that Mr. Davidowicz made a copy of the Copyrighted Work and saved it on Defendant's computer.  SOF ¶ 10.  Mr. Davidowicz then added a copy of the Copyrighted Work to the Infringing Post, which was saved onto Defendants servers as a post on Defendant's Talk of the Town section of its website.  *Id*.

## 2. *Defendant Distributed the Copyrighted Work in 17 U.S.C. § 106(3)*

"Among the exclusive rights that the Copyright Act bestows upon copyright owners is the right 'to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership.'"  *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (quoting 17 U.S.C. § 106(3)).  "In the internet context, this means a 'transfer of a file from one computer to another.'"  *MyPlayCity, Inc. v. Conduit Ltd.*, 2012 Copr L Dec P 30235 (S.D.N.Y Mar. 30, 2012), *adhered to on reconsideration*, No. 10-cv-1615(CM), 2012 WL 2929392 (S.D.N.Y. July 18, 2012) (quoting *Perfect 10 v. Google, Inc.,* 416 F. Supp. 2d 828, 844 (C.D.Cal. 2006)); *see also London-Sire Records, Inc. v. Doe 1,* 542 F. Supp. 2d 153, 173 (D.

DM2\7490765.3

Mass 2008) ("An electronic file transfer is plainly within the sort of transaction that § 106(3) was intended to reach.").

Defendant distributed the Copyrighted Work by adding a copy of the Copyrighted Work to its Infringing Post then transmitting the Infringing Post to the server operating its website and uploading the it to the Talk of the Town section of that website, which in turn then transmitted reproductions of the Infringing Post (including the copy of the Copyrighted Work) to the computers of visitors to Defendant's website.   SOF ¶ 10; *see Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir. 2007) (Under Section 106(3), a "website publisher's computer [ ] distributes copies of the images by transmitting the photographic image electronically to the user's computer.").

### 3.    *Defendant Displayed the Copyrighted Work in 17 U.S.C. § 106(5)*

Pursuant to Section 106(5) of the Copyright Act, the "owner of copyright under this title has the exclusive rights" to "display the copyrighted work publicly." 17 U.S.C. § 106(5). Section 101 of the Copyright Act defines "display" as "to show a copy of [a work], either directly or by means of a film, slide, television image, or any other device or process or, in the case of a motion picture or other audiovisual work, to show individual images nonsequentially." 17 U.S.C. § 106(1).  Courts have held that placing a copyrighted photograph on the Internet infringes on the owner's exclusive right to display the copyrighted photograph.  *See BWP Media USA Inc. v. Uropa Media, Inc.*, No. 13-cv-7871 (JSR) (JCF), 2014 WL 2011775, at *1 (S.D.N.Y. May 16, 2014) ("By posting [the plaintiff's] copyrighted photographs on its website, [the defendant] directly infringed [the plaintiff's] rights.").

Here, by posting the Infringing Post to its website and making it accessible on the Internet to the general public, Defendant publicly displayed the Copyrighted Work and infringed upon Plaintiff's exclusive copyright.  SOF ¶ 10.

### C.      Defendants' Infringement Was Willful, Entitling Plaintiff to Enhanced Statutory Damages

Pursuant to Sections 504(c)(1) and (2) of the Copyright Act, when infringement of a copyright occurs, "an owner may elect to recover statutory damages in lieu of any other form of monetary relief."  *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992).  "When a plaintiff can demonstrate, either directly or through circumstantial evidence, that the defendant had knowledge that his actions constituted infringement, or recklessly disregarded such possibility, enhanced statutory damages for willful copyright infringement under 17 U.S.C. § 504(c)(2) may be awarded."  *L.A. Printex Indus., Inc. v. Does 1-10*, 543 Fed. App'x. 110, 111 (2d Cir. 2013).  In deciding whether copyright infringement was willful, "a court need not find that an infringer acted maliciously . . . ."  *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110, 1115 (2d Cir. 1986).

"At the summary judgment stage, the court may resolve the issue of willfulness if 'there are sufficient undisputed material facts on the record to make the question appropriate for summary judgment.'"  *HarperCollins Pub. LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 387-89 (S.D.N.Y. 2014) (quoting *Lipton v. Nature Co.,* 71 F.3d 464, 472 (2d Cir. 1995)); *see also Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26, 31–32 (2d Cir. 2013) ("willful blindness can be proven on summary judgment . . . ."); *Twin Peaks Productions, Inc. v. Publications Intern., Ltd.*, 996 F.2d 1366, 1381–82 (2d Cir. 1993) (upholding grant of summary judgment with respect to willful infringement of copyright).

As set forth below, the undisputed facts of record establish that Defendant either (1) knew of its infringement, (2) recklessly disregards its infringement, or (3) was willfully blind to its infringement, any one of which is sufficient to establish willful infringement subject to enhanced statutory damages.

### 1.   Defendant had Knowledge of the Infringement

Willful infringement is found where "the defendant had knowledge that its conduct represented infringement . . . ." *Twin Peaks Productions, Inc.,* 996 F.2d at 1382.  In the instant matter, Mr. Davidowicz, the Defendant's employee responsible for the infringing conduct and Rule 30(b)(6) designee, testified that he did not believe he was violating anyone's copyright when he wholesale copied the WSJ Article and posted it to the Defendant's website, because he provided a link back to the original article and gave credit to the WSJ as the source.  SOF ¶ 14. Nothing in the Copyright Act, however, suggests that infringement on the exclusive rights of a copyright owner is somehow excused merely by acknowledging the original source of an unauthorized copy.  *See* 17 U.S.C. § 106.  Importantly, Defendant's corporate policy requires employees such as Mr. Davidowicz not to infringe anyone's copyrights through their online activity, demonstrating a corporate sensitivity to and understanding of the law's requirements. SOF ¶ 8, 9.  Those requirements protect against copying, distributing and publicly displaying copyrighted works without permission.  *Id.*  Defendant is not capable of pointing to anything in the Copyright Act, or elsewhere, permitting the copying, distribution and display of a copyrighted work so long as the source is identified.

Nevertheless, even under Mr. Davidowicz's personal view of copyright law, Defendant still violated the law as he (mis)understood it.  Mr. Davidowicz's copy of the WSJ Article did not capture <u>any</u> of the many photographs displayed by the Wall Street Journal of the house

projects accompanying its online article.  SOF ¶ 10.  So, Mr. Davidowicz separately selected Plaintiff's Copyrighted Work from among those more than nineteen photographs and made an independent copy of that image, saving it to his computer.  *Id*.  Then he reproduced the Copyrighted Work again into the software program used to publish Talk of the Town section of Defendant's website.  *Id*.  The Wall Street Journal clearly identified Plaintiff as the photographer of the Copyrighted Work.  SOF ¶ 6.  Mr. Davidowicz understood that the software program he was using to copy and post the Copyrighted Work on Defendant's website did not capture that photo credit, and he did literally nothing to add the credit he claimed to believe was required to satisfy copyright law.  SOF ¶¶ 10, 12-13.

Mr. Davidowicz attempted to excuse his failure to give Plaintiff credit by claiming that the WordPress program he used did not have an option to add photographer credit to the Infringing Post.  SOF ¶ 13.  Yet, Mr. Davidowicz admitted that he never inquired as to whether there was a way to add photographer credit to the Infringing Post.  *Id*.  In other words, he chose not to find out whether he could comply with a requirement (in his mind) that he credit the source of the photograph.  Moreover, Mr. Davidowicz had the option of simply not using the Copyrighted Work at all if he could not credit Plaintiff, yet he chose to proceed by copying and posting only the Copyrighted Work, none of the more than eighteen other photographs online at the Wall Street Journal.  SOF ¶ 10.  Thus, the Defendant failed to comply with its corporate dictate to honor actual copyright requirements (SOF ¶¶ 8-9) **and** Mr. Davidowicz knowingly violated his personal erroneous interpretation of copyright law by failing to give credit to Plaintiff for the Copyrighted Work he chose to copy and post to Defendant's website, even though he had actual notice of Plaintiff on the very photo he viewed on the Wall Street Journal's site.  SOF ¶¶ 6, 10-14.  As such, Defendant's infringement was knowing and willful.

### 2.   *Defendant Recklessly Disregarded the Possibility of Copyright Infringement*

In order to demonstrate willful infringement, Plaintiff is not required to show that the defendant "had knowledge that its actions constitute[d] an infringement." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) (quoting *Knitwaves, Inc. v. Lollytags Ltd. (Inc.),* 71 F.3d 996, 1010 (2d Cir. 1995)).  Rather, "reckless disregard of the copyright holder's rights . . . suffices to warrant award of the enhanced damages." *Id*; see also *Twin Peaks Productions, Inc.,* 996 F.2d at 1382 (finding willfulness where the defendant "recklessly disregarded the possibility" of infringement).

Here, even ignoring Defendant's actual knowledge that Mr. Davidowicz's actions constituted infringement, Defendant's conduct still amounted to reckless disregard for the likelihood of infringement.  As set forth above, Mr. Davidowicz testified that he personally believed giving credit to the original source is all that is required to satisfy copyright law, when copying and using someone else's work.  SOF ¶ 14.   But Defendant cannot suggest that Mr. Davidowicz's personal view makes any sense, or that the Defendant company agreed with that view.  For example, based on Mr. Davidowicz's professed view of copyright law, anyone could copy the new Star Wars film without obtaining a license, hold a screening and sell tickets all yet comply with the Copyright Act by merely referencing Lucasfilm as the producer.  That manifestly is not the way copyright law works, and dispositively, Defendant company and its in-house counsel do not, and cannot, contend that the Company believed that Mr. Davidowicz's personal view accurately reflected the Copyright Act's requirement.  *See Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) ("To refute evidence of willful infringement, [the defendant] must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief") (*citing* 3 M. Nimmer

13

& D. Nimmer, Nimmer on Copyright § 14.04[B], at 14–40.3 (1989)), *cert. denied*, 498 U.S. 1109, 11 S.Ct. 1019 (1991); *see also* SOF ¶ 21 (Defendant's own website contains a claim for copyright protection of materials posted on the website; thus demonstrating knowledge of the copyright laws by Defendant).

Moreover, Mr. Davidowicz concedes that he never took the time to educate himself about the copyright laws; he did not even inquire of the Defendant's in-house counsel whether his practice of copying other people's content and posting it on the Talk of the Town complied with copyright law.  SOF ¶ 17; *see also New York State Soc. of Certified Pub. Accountants v. Eric Louis Assocs., Inc.*, 79 F. Supp. 2d 331, 349 (S.D.N.Y. 1999) (finding willfulness where the defendant "fail[ed] to seek the advice of counsel" and instead proceeded on the basis of their own uninformed opinion).

Correspondingly, those with actual knowledge of the law, such as Defendant's in-house counsel, never took the time to educate Mr. Davidowicz regarding the Copyright Act's actual requirements, despite adopting a corporate policy that directed him to comply with those requirements.  SOF ¶¶ 17-18; *see Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 43 (S.D.N.Y. 2015) (upholding finding of willful infringement where corporation failed to train employees who were tasked with creating promotional materials that had a good chance of infringing on the rights of others).

Moreover, this was no isolated mistake that slipped through the cracks due to inattention. Defendant, through Mr. Davidowicz the employee charged with responsibility for running the Talk of the Town section of its website, repeatedly went online and copied over 90 works to post on Defendant's website  over a two and a half year period, without even once giving credit to a photographer for any of the images reproduced and displayed by the Defendant.  SOF ¶ 19.

DM2\7490765.3

Defendant is a sophisticated, successful company – part of the Terra Holdings family of companies with over $7 billion in sales of real estate property annually.  SOF ¶ 20.  Given its undisputed sophistication and level of corporate resources, Defendant's prolonged practice of populating its own website's Talk of the Town section with the written work and photographs of other copyright owners cannot be claimed to be an accident, rather it was the standard operating practice that Defendant chose for its website operations.

Such blatant disregard of the copyright laws by a sophisticated commercial entity that is building its very profitable brand on the back of infringing conduct clearly constitutes reckless behavior sufficient to establish a finding of willful infringement.  *See Viacom Intern. Inc. v. Fanzine Intern., Inc.*, 2001 Copr. L. Dec. P. 28297, *4 (S.D.N.Y. Aug. 16, 2001) (finding willfulness given that defendant published numerous magazines and therefore "is or should be familiar with copyright law and particularly with the general practice of securing permission before reproducing copyrighted works"); *Castle Rock Entertainment v. Carol Pub. Group, Inc.*, 955 F. Supp. 260, 267 (S.D.N.Y. 1997), *aff'd sub nom. Castle Rock Entertainment, Inc. v. Carol Pub. Group, Inc.*, 150 F.3d 132 (2d Cir. 1998) (finding willfulness where the defendant book publisher was a sophisticated corporation with knowledge of the copyright laws); *Beastie Boys*, 112 F. Supp. 3d at 43 (upholding finding of willful infringement where the defendant was a "sophisticated corporation with a $120 million annual marketing budget . . . ."); *Bryant v. Europadisk, Ltd.*, 91 USPQ2d 1825 (S.D.N.Y. Apr. 15, 2009), *aff'd*, 603 F.3d 135 (2d Cir. 2010), *cert. denied*, 562 U.S. 1064, 131 S.Ct. 656 (2010) ("Courts have found willfulness (and the Second Circuit has affirmed) where sophisticated defendants knew or should have known that their conduct was infringing") (citing *Twin Peaks Prods., Inc.*, 996 F.2d at 1382).

### 3.    Defendant was Willfully Blind to the Possibility of Copyright Infringement

Willful infringement may be established by evidence that defendant's actions were the result of "'willful blindness' to the copyright holder's rights." *HarperCollins Pub. LLC*, 58 F. Supp. 3d at 387-89 (citing *Island Software & Computer Serv., Inc.,* 413 F.3d at 263)); *see also In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) ("Willful blindness is knowledge, in copyright law . . . as it is in the law generally . . .. [A] deliberate effort to avoid guilty knowledge is all the law requires to establish a guilty state of mind.")

Defendant is subject to Terra Holding's Computer Use Policy, which clearly states that "[i]n their use of Computer Resources, Users must comply with all software licenses, ***copyrights***, and all other state, federal, and international laws governing intellectual property and online activities."  SOF ¶ 8 (emphasis added).  BHSH also has Social Media Guidelines, which state: "Don't violate fair housing, ***copyright***, fair use and financial disclosure laws, or the firm's privacy, confidentiality, and legal guidelines."  SOF ¶ 9 (emphasis added).

Yet despite these corporate policies, Defendant never sought to determine whether Mr. Davidowicz comprehended even the most basic elements of copyright law, and was allowed to commit wholesale copyright infringement repeatedly over a more than two year period.  SOF ¶ 18-19.  Nor did Mr. Davidowicz spend even a minute to review the Wall Street Journal's licensing policy, or the licensing policies for any of the other publications from which he copied articles and photographs.  SOF ¶ 16.   Nor did Mr. Davidowicz ever contact the Wall Street Journal or Ms. Corson to seek a license to copy or use the Copyright Work.  SOF ¶ 15.   And, as mentioned above, Mr. Davidowicz failed to contact Defendant's in-house counsel to ask if his approach to copying material for the Talk of the Town was in compliance with the Copyright Act.  SOF ¶ 17.  Such behavior –requiring compliance with copyright laws, but separating those

16

with knowledge from those who are committing repeated copyright violations - constitutes

willful blindness of the Copyright Act entitling Plaintiff to enhanced statutory damages.  *See*

*Fitzgerald Publ'g Co.,* 807 F.2d at 1115 (affirming finding of willfulness where defendant's

internal memoranda acknowledged that it had only limited rights in comic book).

## **CONCLUSION**

For all the above-referenced reasons, Plaintiff Lisa Corson respectfully requests that her

motion for summary judgment be granted in full.   Plaintiff is entitled to summary judgment

declaring Defendant liable for willful infringement of her Copyrighted Work, and this case

should be scheduled for a hearing to determine: (1) the scope of injunctive relief; and (2) the

amount of statutory damages, costs and attorneys fee to be award under the Copyright Act.

Dated:    New York, New York
          February 3, 2017

/s/ Kevin P. Potere
Kevin P. Potere
**DUANE MORRIS** LLP
1540 Broadway
New York, New York 10036
(212) 692-1000 (tel)
(212) 692-1020 (fax)

Steven M. Cowley (*Pro Hac Vice*)
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4200
(857) 488-4201

*Counsel for Plaintiff Lisa Corson*

DM2\7490765.3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment has been

served upon all counsel of record by virtue of notice delivered by the Court's ECF system on this

3rd  day of February, 2017.

<u>/s/ Kevin P. Potere</u>
Kevin P. Potere

DM2\7490765.3