UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

Lisa Corson,

                               Plaintiff,

    -against-

Brown Harris Stevens Of The Hamptons, LLC,

                               Defendant.

------------------------------------------------------------ X

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

16 Civ. 545 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/17

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff, a freelance photographer, brings this action against defendant Brown Harris Stevens of the Hamptons LLC, a real estate company, for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. Defendant does not contest liability under the Act and "concede[s] that plaintiff's photograph was copyright-registered effective March 18, 2015." Potere Decl., ECF 19, Ex. 12. Plaintiff moves for summary judgment on the question of whether defendant's infringement was willful under 17 U.S.C. § 504(c)(2). For the reasons below, plaintiff's motion is denied.

       Plaintiff, at the request of the Wall Street Journal (WSJ), a prominent national newspaper, created a series of photographs of a house construction project in Beverly Hills, California in March 2015. She registered the pictures with the United States Copyright Office the next day. On March 20, 2015, WSJ published an article ("WSJ Article") entitled, "The Race to the $100 Million Spec House" which displayed the copyrighted photographs, pursuant to a licensing agreement that the newspaper maintained with plaintiff. That same day, defendant's

Director of Advertising, Eric Davidowicz, copied one of plaintiff's photographs onto his work hard drive and uploaded it onto defendant's real estate blog, the Talk of the Town, omitting any reference to plaintiff. Upon plaintiff counsel's request, defendant removed the photograph on January 5, 2016.

Although defendant concedes that the blogpost infringed on plaintiff's copyright-protected photograph, it contests that said infringement was willful. Potere Decl., ECF 19, Ex. 12. Under the Copyright Act, 17 U.S.C. Section 504(c)(1), a copyright owner may elect to recover statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* However, Section 504(c)(2) raises the maximum statutory damage award to $150,000 when the court finds "that infringement was committed willfully." 17 U.S.C. § 504(c)(2). "In the absence of evidence conclusively demonstrating actual, rather than constructive, knowledge of infringement, we conclude that summary judgment on the question of willfulness was inappropriate." *Island Software*, 413 F.3d at 258.

Plaintiff's motion is denied because she is unable to prove that, as a matter of law, that defendant acted willfully. In evaluating willfulness, courts have looked to several factors, including "whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an industry where copyright is prevalent." *Agence France Presse v. Morel*, 934 F. Supp. 2d 547, 570 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). The record indicates that defendant removed the photograph once it received a warning of infringement, that it has no record of previous copyright infringement, and that it included a link to the WSJ Article in the infringing blogpost. Plaintiff's motion therefore cannot be sustained, as a reasonable jury

could conclude that defendant acted in good faith. *See Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 440 (S.D.N.Y. 2014) ("Infringement is not willful where a party reasonably and in good faith believes that its conduct is innocent." (citing *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir.1992))).

For the foregoing reasons, plaintiff's motion for partial summary judgment is denied. The Clerk shall terminate the motion (ECF 16). The oral argument scheduled for June 16, 2017 is canceled.

SO ORDERED.

Dated:   New York, New York
         June 12, 2017

ALVIN K. HELLERSTEIN
United States District Judge